UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENDERSON FORD**                                              **CIVIL ACTION**

**VERSUS**                                                             **NO. 18-4768**

**BARNSIDE YARD**                                       **SECTION: "H" (3)**

REPORT AND RECOMMENDATION

Plaintiff Henderson Ford, wheel-chair bound, filed this lawsuit under the Americans with Disabilities Act against defendant Bette B. Bornside,[1] alleging that he cannot properly access her business premises. This is not Ford's first time at this rodeo. He has filed numerous lawsuits against various businesses in this Court on the same grounds, all proceeding *pro se*.

On December 11, 2018, the District Court issued a Scheduling Order [Doc. #13] in which she scheduled an in-person status conference with the Court and the parties on February 4, 2019. On January 29, 2019, due to a criminal trial in her Court, the District Judge asked this Court to hold the in-person status conference. Accordingly, this Court held the status conference on February 4, 2019. Defendant Bette B. Bornside appeared; Ford did not. [Doc. #17]. Ford also filed to submit a letter prepared in accordance with the Notice of Preliminary Status Conference five (5) days before the conference, as ordered by the District Court. [Doc. #13].

This Court then ordered a rule to show cause on February 27, 2019 to Ford to show cause why this matter should not be dismissed for failure to prosecute and/or failure to comply with the District Court's order. [Doc. #17]. That order stated:

---

[1] Ford improperly sued Bette B. Bornside d/b/a Bette Bornside Co., as Barnside Yard. For the sake of convenience, this report and recommendation will refer to the sole defendant as Barnside Yard, as reflected in the caption.

> Plaintiff Henderson Ford must appear IN PERSON and report on the status of the case and show cause why this matter should not be dismissed for failure to prosecute and/or failure to comply with the District Court's orders.

[*Id.*]. Ford failed to appear at the rule to show cause hearing and has not contacted the Court in any way to explain his failure to heed the District Court's and this Court's orders.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Ford is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, Ford failed to participate in the status conference as ordered. He also failed to appear at the show cause hearing, scheduled one month later. Due solely to Ford's failure, this Court has no way to advance his case on the docket. Accordingly, Ford's claims against Barnside Yard should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Ford's claims against Bette B. Bornside d/b/a Bette Bornside Co., improperly sued as Barnside Yard, be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of February, 2019.

*Dana M. Douglas*
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**